Filed 1/5/23  P. v. Casarez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E077813 |
| v. | (Super.Ct.No. FWV19001599) |
| ALEJANDRO CASAREZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Bridgid M. McCann, Judge.  Affirmed in part; reversed in part with directions.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Heather B. Arambarri, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

A jury convicted defendant and appellant Alejandro Casarez of second degree murder (Pen. Code,[1] § 187, subd. (a)) and found true the allegations that he personally used a firearm (§ 12022.5) and personally discharged a firearm causing great bodily injury or death (§ 12022.53, subd. (d)).  A trial court sentenced him to 15 years to life for the murder, plus 25 years to life on the section 12022.53, subdivision (d) enhancement.  It stayed the section 12022.5 enhancement under section 654.  Defendant filed a motion to strike the section 12022.53, subdivision (d) enhancement, which the court denied.  He now appeals that denial, contending that the Supreme Court's recent decision in *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*), requires that we vacate his sentence and remand the matter to allow the trial court to exercise its discretion to strike the enhancement and impose a lesser enhancement instead.  The People respond that defendant forfeited this argument by not raising it in the trial court.  We reverse defendant's sentence and remand the matter to give the trial court an opportunity to exercise its sentencing discretion under *Tirado*.  Under the rule in *People v. Buycks* (2018) 5 Cal.5th 857, on remand defendant is entitled to a full resentencing.  In all other respects, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was at his friend's house, drinking alcohol and smoking marijuana with a few other people.  He fell asleep on the couch.  Around 11:30 p.m., the group started talking about it being time for him to go home.  At some point, defendant woke up and

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

yelled, "B---- ass n----- what's that shit you was talking about." Then he stood up and pointed a gun at one of the men (the victim). Defendant started hitting the victim with the gun, and the victim started screaming. Defendant hit the victim three or four times and then shot him. Two other people yelled at defendant to put the gun down. Defendant told one of them to shut up and pointed the gun at him. Defendant then pointed the gun back at the victim, who was now lying on the floor, and shot him again. Defendant grabbed his backpack, pointed the gun around the room to make sure no one followed him, and backed out of the room.

The victim later died from a bullet that entered his body through his neck.

Defendant was charged with premeditated murder (§ 187, subd. (a)), and it was alleged that he personally used a firearm (§ 12022.5) and personally discharged a firearm causing great bodily injury or death (§ 12022.53, subd. (d)). On August 18, 2021, a jury found him guilty of second degree murder and found the two firearm enhancements true.

On September 20, 2021, defendant filed a motion to strike the section 12022.53, subdivision (d) enhancement, in the interests of justice. (§ 12022.53, subd. (h).) He argued that at the time of the offense, his "anxiety and sense of hypervigilance were exacerbated as the evening unfolded," and "[t]he heavy consumption of alcohol and marijuana made these symptoms worse." He further asserted that while he did fire two shots, he "did not engage in excessive behavior beyond what he believed necessary for his protection at the time."

The court held a sentencing hearing on September 28, 2021, and stated: "I have read and considered the motion to strike. And I do recognize I have the authority to do

3

so. Unfortunately, in this case, based upon the taking of the gun, the using of the gun in both a physical manner as well as a firing manner, the Court is going to decline that motion. Or deny that motion. And the Court does intend to impose sentence as indicated." The court asked if either party wished to be heard any further, and both parties declined. The court proceeded to sentence defendant to 15 years to life on count 1, plus 25 years to life on the section 12022.53, subdivision (d) enhancement. The court stayed the sentence on the section 12022.5 enhancement under section 654. Thus, the total term imposed was 40 years to life.

## DISCUSSION

### Remand is Required

Our Supreme Court's recent opinion in *Tirado* held that section 12022.53 permits a sentencing court to strike a section 12022.53, subdivision (d) firearm enhancement found true by the jury and impose a lesser uncharged enhancement. (*Tirado*, *supra*, 12 Cal.5th at p. 700.) Defendant contends that at the time of the sentencing hearing, the court apparently believed it only had two options—to either strike the section 12022.53, subdivision (d) enhancement or impose it. In other words, he contends the trial court was unaware of the discretion it had under *Tirado*; therefore, we must vacate his sentence and remand for the court to exercise its discretion as to whether to impose a lesser firearm enhancement. The People argue defendant forfeited this claim by failing to request a lesser enhancement. Anticipating this argument, defendant claims he received ineffective assistance of counsel. We conclude that defendant did not forfeit his claim.

4

Accordingly, the matter must be remanded to give the court the opportunity to exercise its discretion under *Tirado*.

A.  *Relevant Law*

Section 12022.53 sets out three separate sentencing enhancements for the personal use of a firearm in the commission of certain enumerated felony offenses:  subdivision (b) provides for a 10-year enhancement for the personal use of a firearm; subdivision (c) provides for a 20-year enhancement for the personal and intentional discharge of a firearm; and subdivision (d) provides for a 25-year-to-life enhancement for the personal and intentional discharge of a firearm causing great bodily injury or death.  (*Tirado*, *supra*, 12 Cal.5th at p. 695.)  Prior to January 1, 2018, section 12022.53, subdivision (h), prohibited trial courts from striking section 12022.53 enhancements.  (*Tirado*, at p. 695.)  However, Senate Bill No. 620 (2017-2018 Reg. Sess.) removed this prohibition.  (*Tirado*, at p. 696; Stats. 2017, ch. 682, § 2.)  "Section 12022.53[, subdivision ](h) now provides that a 'court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section.' "  (*Tirado*, at p. 696.)

At the time of defendant's sentencing, there was a split of authority as to whether a court could strike a section 12022.53, subdivision (d) enhancement and, in its place, impose a lesser enhancement under section 12022.53, subdivision (b) or subdivision (c), even if the lesser enhancements were not specifically charged in the information or found true by the jury.  (See *Tirado*, *supra*, 12 Cal.5th at pp. 696-697; see also *People v. Morrison* (2019) 34 Cal.App.5th 217, 222-223; *People v. Yanez* (2020) 44 Cal.App.5th

5

452, 460 (*Yanez*).) Our Supreme Court settled that question in *Tirado*, holding that "[w]hen an accusatory pleading alleges and the jury finds true the facts supporting a section 12022.53[, subdivision] (d) enhancement, and the court determines that the section 12022.53[, subdivision] (d) enhancement should be struck or dismissed under section 12022.53[, subdivision] (h), the court may, under section 12022.53[, subdivision] (j), impose an enhancement under section 12022.53[, subdivisions] (b) or (c)." (*Tirado*, at p. 700, fns. omitted.)[2]

B. *Defendant Did Not Forfeit His Claim*

The parties agree that defendant only requested the court to dismiss the section 12022.53, subdivision (d) enhancement and did not ask it to consider imposing a lesser enhancement. As such, the People contend that defendant forfeited the request to impose a lesser enhancement. However, as defendant asserts, raising the issue would have been futile. "A defendant will be excused from the necessity of either a timely objection and/or a request for admonition if either would be futile." (*People v. Hill* (1998) 17 Cal.4th 800, 820.) The governing case from this court at the time of the hearing was *Yanez, supra,* 44 Cal.App.5th 452, which concluded that a trial court did not have the discretion to strike a firearm enhancement under section 12022.53, subdivision (d), and impose a lesser, uncharged enhancement. (*Yanez*, at pp. 459-460.) The trial court, sitting in San Bernardino County, would seemingly have followed this court's decision. (See *McCallum v. McCallum* (1987) 190 Cal.App.3d 308, 315-316, fn. 4 ["[a]s a practical

---

[2] *Yanez* was subsequently transferred back to this court with directions to vacate our opinion and reconsider in light of *Tirado, supra,* 12 Cal.5th 688.

6

matter, a superior court ordinarily will follow an appellate opinion emanating from its own district even though it is not bound to do so"].)  Accordingly, we conclude that defendant did not forfeit his claim.

C. *Remand is Necessary*

"A court acting while unaware of the scope of its discretion is understood to have abused it." (*Tirado*, *supra*, 12 Cal.5th at 694.)  Here, the trial court was apparently not aware of its discretion to impose a lesser enhancement after striking a section 12022.53, subdivision (d) enhancement; thus, it abused its discretion.  When a court sentences without full awareness of its discretionary powers, " 'the appropriate remedy is to remand for resentencing unless the record "clearly indicate[s]" that the trial court would have reached the same conclusion "even if it had been aware that it had such discretion." ' " (*People v. Flores* (2020) 9 Cal.5th 371, 432.)

In light of the Supreme Court's decision in *Tirado*, the People agree that if defendant's claim was not forfeited, the matter should be remanded to give the trial court an opportunity to exercise its discretion to reduce the section 12022.53, subdivision (d) enhancement found true by the jury to a lesser, uncharged enhancement under subdivision (b) or (c).  Therefore, we will remand the matter to allow the trial court to consider whether to strike the section 12022.53, subdivision (d) enhancement and substitute an enhancement under subdivision (b) or subdivision (c) of section 12022.53.

D. The Trial Court May Reconsider Every Aspect of Defendant's Sentence

"The full resentencing rule dictates that 'when part of a sentence is stricken on review, on remand for resentencing "a full resentencing as to all counts is appropriate, so

7

the trial court can exercise its sentencing discretion in light of the changed circumstances." ' " (*People v. Lopez* (2020) 56 Cal.App.5th 835, 844-845, review granted Jan. 27, 2021, S265936; see *People v. Buycks*, *supra*, 5 Cal.5th at p. 893.)

## DISPOSITION

Defendant's sentence is reversed. The matter is remanded for resentencing with directions for the trial court to determine whether to exercise its discretion to impose a lesser firearm enhancement under section 12022.53. The trial court shall conduct a full sentencing on this matter. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
J.

We concur:

MILLER _____
Acting P. J.

CODRINGTON _____
J.

8